## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| **REMINGTON QUIRANTE,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:19-cv-0398** |
| | § | |
| **LOUISIANA MACHINERY** | § | **JURY TRIAL DEMANDED** |
| **COMPANY, INC. and JOHN** | § | |
| **DESHOTEL** | § | |
| *Defendants.* | § | |

### DEFENDANT LOUISIANA MACHINERY COMPANY, LLC'S
### NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant **LOUISIANA MACHINERY COMPANY, LLC** ("Defendant") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332 (a) to remove the civil action filed by Plaintiff Remington Quirante ("Plaintiff") from the 253rd Judicial District Court of Chambers County, Texas to the United States District Court for the Southern District of Texas, Galveston Division, and would respectfully show the Court the following:

### I.
### INTRODUCTION

1.      This lawsuit was initiated on or about June 13, 2019 when Plaintiff filed his Original Petition in Cause No. 19DCV0495 in the 253rd Judicial District Court of Chambers County, Texas, styled *Remington Quirante v. Louisiana Machinery Company, Inc. and John Deshotel.*  The suit arises from a vehicular accident that is alleged to have caused personal injuries on or about March 22, 2019 in Chambers County, Texas.[1]

---

[1] *See* Plaintiff's Original Petition attached hereto within Exhibit "B" and incorporated herein, page 2.

2.      Plaintiff filed "Plaintiff's First Amended Petition" on November 7, 2019.[2]  This amended petition was the first pleading to name "Louisiana Machinery Company, LLC" as a party to this lawsuit.[3]  Counsel for Defendant accepted service and filed an Answer on December 2, 2019.[4]

## II.
## GROUNDS FOR REMOVAL AND BASIS FOR JURISDICTION

3.      Removal is proper because there is complete diversity of citizenship between the parties and the alleged amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1). Indeed, Plaintiff's Original Petition states that Plaintiff seeks: "monetary relief over $1,000,000."[5]

4.      Plaintiff, Remington Quirante is a resident of Texas.[6]

5.      Defendant Louisiana Machinery Company, LLC. was at all material times hereto and remains a foreign company organized and existing under the laws of Louisiana with its principal place of business in Louisiana. *See* Articles of Organization of Louisiana Machinery Company, LLC.[7]

6.      Defendant, John Deshotel, is a resident of Louisiana.[8]

---

[2] *See* Plaintiff's First Amended Petition attached hereto within Exhibit "B" and incorporated herein, page 2.
[3] Plaintiff's original petition named "Defendant, Louisiana Machinery Company, Inc." as a party to the lawsuit. In fact, the correct party to this lawsuit is/was "Louisiana Machinery Company, LLC" which was named as a party for the first time in Plaintiff's amended petition on November 7, 2019, *see supra*.
[4] *See* Defendant Louisiana Machinery Company, LLC's Original Answer to Plaintiff' First Amended Petition attached hereto within Exhibit "B" and incorporated herein.
[5] *See* Exhibit B, Plaintiff's Original Petition, page 1.
[6] *Id.*
[7] *See* Articles of Organization of Louisiana Machinery Company, LLC attached hereto as Exhibit "D" and incorporated herein.
[8] *See* Exhibit B, Plaintiff's Original Petition, page 2.

## III.
### VENUE IN THE SOUTHERN DISTRICT OF TEXAS IS PROPER

7.      Plaintiff filed this action in Chambers County, Texas.  The Galveston Division of the Southern District of Texas encompasses Chambers County, Texas.  *See* 28 U.S.C § 124(c)(2). Thus, this district and division embrace the place where the state court action is pending.  *See* 28 U.S.C. § 1441(a).

## IV.
### PROCEDURAL REQUIREMENTS FOR REMOVAL

8.      Counsel for Louisiana Machinery Company, LLC received Plaintiff's First Amended Petition which, for the first time, named Defendant on November 7, 2019. Counsel agreed to accepted service for Defendant on November 8, 2019. This Notice of Removal is filed on December 6, 2019.  Accordingly, this Notice of Removal is timely filed within thirty days of when Defendant received Plaintiff's First Amended Petition and within one year of the commencement of this suit. *See* 28 U.S.C. § 1446(b).

9.      The filing fee has been paid to the Clerk.

10.     The other Defendant, John Deshotel, who has been served with summons consents to the removal of this case to federal court.

## V.
### INDEX OF EXHIBITS FILED

Cause of action: 11.  Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by the following documents:

Exhibit A:      An index of matters being filed;

Exhibit B:      The state court docket sheet, all executed process in the case, all pleadings asserting causes of action and all answers to such pleadings;

Exhibit C:      A list of all counsel of record, including addresses, telephone numbers, and parties represented.

Exhibit D:    Certificate of Existence for Louisiana Machinery Company, LLC

Exhibit E:    Civil Cover Sheet

## VI.
### NOTICE TO STATE DISTRICT COURT AND PLAINTIFF

12.    Defendants' Notice of Removal has been served upon Plaintiff through his counsel by certified and regular mail and a Notice of Filing.  Defendants' Notice of Removal is being promptly filed with the Clerk of the 253rd Judicial District Court of Chambers County, Texas.

## VII.
### NO WAIVER

13.    This Notice of Removal is filed subject to and without waiver of any defenses or objections to Plaintiff's Original Petition and subsequent Plaintiff's Amended Petition as allowed by the Federal Rules of Civil Procedure or by any applicable law.

## VIII.
### JURY TRIAL DEMANDED IN STATE COURT

14.    Defendant requested a jury trial in state court.

## IX.
### CONCLUSION

Defendant Louisiana Machinery Company, LLC prays that this action be removed to this Court, that this Court accept jurisdiction of this action in its entirety, and that this action be placed on the docket of the Court for further proceedings as though this action had been initially instituted in this Court.

Respectfully submitted,

*[signature: Larry J. Simmons]*

**Larry J. Simmons**
State Bar No. 00789628
Federal I.D. No. 18830
ljsimmons@germer.com
**Marcus W. Waters**
State Bar No. 24008243
Federal I.D. No. 23245
mwaters@germer.com
GERMER PLLC
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile

**COUNSEL FOR DEFENDANT,
LOUISIANA MACHINERY COMPANY,
LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of December 2019, a true and correct copy of **Defendant Louisiana Machinery Company, LLC's Notice of Removal** was forwarded to all known counsel of record pursuant to the Federal Rules of Civil Procedure.

*[signature: Larry J. Simmons]*

**Larry J. Simmons**

## **EXHIBIT A**

## **INDEX OF DOCUMENTS FILED**
## **WITH REMOVAL ACTION**

(A)  An index of matter being filed;

(B)  The state court docket sheet, all executed process in the case, all pleadings asserting causes of action and all answers to such pleadings;

(C)  A list of all counsel of record, including addresses, telephone numbers, and parties represented;

(D)  Certificate of Existence for Louisiana Machinery Company, LLC.; and

(E)  Civil Cover Sheet.

## EXHIBIT B

## THE STATE COURT DOCKET SHEET, ALL EXECUTED PROCESS IN THE CASE, ALL PLEADINGS ASSERTING CAUSES OF ACTION AND ALL ANSWERS TO SUCH PLEADINGS

## **EXHIBIT C**

## **LIST OF ATTORNEYS/PARTIES**

1. Counsel for Plaintiff, Remington Quirante:

   Cody Rees
   crees@reeslawfirm.com
   REES LAW FIRM
   215 Orleans Street, Suite 100
   Beaumont, Texas  77701
   (409) 291-5119 – Telephone
   (409) 600-2196 – Facsimile

2. Counsel for Defendants, Louisiana Machinery Company, LLC and John Deshotel:

   Larry J. Simmons
   ljsimmons@germer.com
   Marcus W. Waters
   mwaters@germer.com
   GERMER, PLLC
   2929 Allen Parkway, Suite 2900
   Houston, Texas 77019
   (713) 650.1313 – Telephone
   (713) 739-7420 – Facsimile

**EXHIBIT D**

**CERTIFICATE OF EXISTENCE**
**LOUISIANA MACHINERY COMPANY, LLC**

## EXHIBIT E

## CIVIL COVER SHEET

Details

## Case Information

19DCV0459 | Remington Quirante vs. Louisiana Machinery Company, Inc. and John Deshotel

| | | |
|---|---|---|
| Case Number | Court | Judicial Officer |
| 19DCV0459 | 253rd District Court | Cain, Chap B., III |
| File Date | Case Type | Case Status |
| 06/13/2019 | Injury/Damage - Motor Vehicle Accident | Filed |

## Party

Plaintiff
Quirante, Remington

Active Attorneys ▾
Lead Attorney
Rees, Cody
Retained

Defendant
Louisiana Machinery Company, Inc.

Active Attorneys ▾
Lead Attorney
Simmons, Larry J
Retained

Defendant
Deshotel, John

Active Attorneys ▾
Lead Attorney
Simmons, Larry J
Retained

Details

## Events and Hearings

06/13/2019 New Cases Filed (OCA)

06/13/2019 Petition ▲

06/13/2019 Petition ▼

    Comment
    Request for Process

06/14/2019 Citation▼

Requested By
Quirante, Remington

06/14/2019 Citation▼

Requested By
Quirante, Remington

06/14/2019 Issue Citation ▼

    Comment
    Citation Issued on John - emailed back to attorney

06/14/2019 Issue Citation ▼

    Comment
    Citation Issued on LA Machinery - Emailed back to Attorney

08/13/2019 Return of Service ▼

    Comment
    Citation Returned on Deshotel

08/15/2019 Return of Service ▼

    Comment
    Return of Service from Secretary of State

11/07/2019 Answer/Response Filed ▼

    Comment
    Defendant John Deshotel's Original Answer to Plaintiff's Original
    Petition

11/07/2019 Amended Filing ▼

Details

Comment
Plaintiff's First Amended Petition

12/02/2019 Answer/Response Filed ▾

Comment
Defendant Louisiana Machinery Company, LLC's Original Answer to
Plaintiff's First Amended Petition

Filed
6/13/2019 3:00 PM
Patti L. Henry
District Clerk
Chambers County, Texas
By: *Hannah Blixm* Deputy

19DCV0459

CAUSE NO. _____

| | | |
|---|---|---|
| **REMINGTON QUIRANTE** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| **V.** | § | **CHAMBERS COUNTY, TX** |
| | § | |
| **LOUISIANA MACHINERY COMPANY,** | § | |
| **INC. and JOHN DESHOTEL** | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Remington Quirante, ("Plaintiff") who files his Original Petition complaining of Louisiana Machinery Company, Inc. and John Deshotel (collectively, "Defendants"), and in support thereof would show as follows:

### I.     DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery under Level 3 of Texas Rules of Civil Procedure 190.3.

### II.     JURISDICTION

This Court has jurisdiction over the parties to this suit and has subject matter jurisdiction over the controversies between the parties. Plaintiff makes a claim for damages for a monetary amount in controversy within the jurisdiction of this Court. Plaintiff seeks monetary relief over $1,000,000.

### III.     PARTIES

Plaintiffs is an individual residing in Orange County, Texas.

Defendant, Louisiana Machinery Company, Inc, is a foreign limited liability company who may be served by serving its registered agent, Miriam W. Henry, 1001 Fannin Street, Suite 2450, Houston, Texas 77002.

Defendant, John Deshotel, is an individual residing in Calcasieu Parish, Louisiana and may be served with citation at his residence located at 2723 Hwy 388, Vinton, Louisiana 70668.

## IV.   VENUE

Venue is proper in Chambers County because Chambers County is the county in which all or a substantial part of the events or omissions giving rise to these claims occurred. *See* TEX. CIV. PRAC. & REM. CODE § 15.002.

## V.   FACTS

On or about March 22, 2019, Plaintiff was traveling westbound on Interstate 10 in the middle lane of travel. Defendant Deshotel, who was acting in the course and scope of his employment with Louisiana Machinery Company, Inc was traveling directly behind Plaintiff's vehicle. Plaintiff slowed down due to traffic slowing down ahead of him. Defendant failed to control his speed and struck the rear of Plaintiff's vehicle.  Unfortunately, the collision caused Plaintiff to suffer injuries to his back, neck, and body in general.

## VI.   NEGLIGENCE

Defendant Deshotel is liable for Plaintiff's injures and damages because of numerous negligent acts and omissions; including, but not limited to the following:

a.  Failure to control speeed;

b.  In failing to operate a motor vehicle at a speed that was reasonable and prudent under the conditions and with regard to the actual and potential hazards then existing;

c.  In failing to maintain a proper lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

d.  In failing to stay alert;

e.  In failing to properly and timely apply the brakes;

f.  In failing to turn, swerve, or otherwise maneuver the vehicle in order to avoid the collision made the basis of this suit; and

g.  Various other acts of negligence and negligence per se to be specified at the time of trial.

Each of these acts and omissions, singularly, or in combination with others, constitutes negligence, which proximately caused the occurrence made the basis of this action and the Plaintiffs' injuries and damages.

## VII.    NEGLIGENT ENTRUSTMENT

Defendant Louisiana Machinery Company, Inc entrusted its vehicle to Defendant Deshotel. Defendant Deshotel was an incompetent and reckless driver. Defendant Louisiana Machinery Company, Inc knew or should have known that Defendant Deshotel was incompetent and reckless at the time of the collision. Defendant Deshotel was negligent at the time of the Plaintiff's injury. These acts of negligence are laid out in the negligence paragraph above. Defendant Louisiana Machinery Company, Inc could reasonably have anticipated that entrusting a vehicle to an incompetent and reckless driver would result in an injury. Defendant Deshotel's negligence proximately caused injury to Plaintiff, which resulted in serious bodily injury.

## VIII.    NEGLIGENT HIRING/NEGLIGENCE PER SE

Defendant Louisiana Machinery Company, Inc negligently hired, supervised, trained, and/or retained Defendant Deshotel to deliver for Defendant Louisiana Machinery Company, Inc by employing an incompetent and reckless driver.

## IX.    RESONDEAT SUPERIOR

Defendant Louisiana Machinery Company, Inc is liable for the negligent acts of Defendant Deshotel through the doctrine of respondeat superior. At all times material, Defendant Deshotel was an agent or employee acting within the course and scope of his employment Defendant Louisiana Machinery Company, Inc. Defendant Deshotel was under the direct control of

Defendant Louisiana Machinery Company, Inc. Specifically, Defendant Deshotel was operating Defendant Louisiana Machinery Company, Inc vehicle with actual expressed authority intentionally conferred upon Defendant Deshotel by Defendant Louisiana Machinery Company, Inc Defendant Deshotel was acting in furtherance of Defendant Louisiana Machinery Company, Inc business and for the accomplishment of the object for which Defendant Deshotel was employed.

## VII.   DAMAGES

Because of the injuries sustained by Plaintiff as a result of the collision made the basis of this suit, Plaintiffs hereby sue for the following items of damage:

      a.  Physical pain and suffering in the past;

      b.  Physical pain and suffering the Plaintiffs will experience in the future;

      c.  Mental anguish suffered in the past;

      d.  Mental anguish the Plaintiffs will experience in the future;

      e.  Medical expenses incurred in the past;

      f.  Medical expenses the Plaintiffs will incur in the future;

      g.  Physical impairment suffered in the past; and

      h.  Physical impairment the Plaintiffs will suffer in the future.

Because of the facts hereinabove alleged, Plaintiff has been made to suffer and sustain at the hands of the Defendants damages within the jurisdictional requirements of this Court and in such amount as the evidence may show proper at the time of trial.

## VIII.   PREJUDGMENT AND POSTJUDGMENT INTEREST

Plaintiff seeks prejudgment and post judgment interest as allowed by law.

## IX.   COURT COSTS

Plaintiff sues to recover court costs as allowed by law.

Plaintiff sues Defendants for all of the causes of action pled in this petition jointly and severally, for all of the damages Defendants caused Plaintiff herein.

## X.   REQUEST FOR DISCLOSURE

Under the authority of Texas Rule of Civil Procedure 194, Plaintiff request that each of the Defendants disclose the information or material described in Rule 194.2 within fifty (50) days of the service of this request.

## XI.   RULE 193.7 NOTICE

Plaintiff intends to use Defendants' discovery responses as evidence at trial in accordance with such right and privileges established by Texas Rule of Civil Procedure 193.7.

## XII.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final hearing hereof, Plaintiff have judgment against Defendants for actual damages, economic damages, and prejudgment and post judgment interest. Plaintiff additionally request that the Court award reasonable and necessary costs pursuant to the Texas Civil Practice & Remedies Code, and for such other and further relief, at law or in equity, general or special, to which Plaintiff may be justly entitled.

Respectfully submitted,

**REES LAW FIRM**

/s/ Cody Rees
Cody Rees
State Bar No. 24083719
215 Orleans Street, Suite 100
Beaumont, Texas 77701
P: 409-291-5119
F: 409-600-2196
crees@reeslawfirm.com

ATTORNEY FOR PLAINTIFFS

Filed
8/13/2019 3:31 PM
Patti L. Henry
District Clerk
Chambers County, Texas
By_____ Deputy

Martin A. Battles, L.P.I.
Chief Investigator



**TACTICAL PRIVATE INVESTIGATIONS, LLC**
Established 1990

Toll Free: 1-800-SPY-GUY

*Louisiana's Premiere Investigative Firm*
P.O. BOX 12457 - LAKE CHARLES, LA 70612
Email: spyguytwo@aol.com

Office: 337-855-6470

INVESTIGATIONS.
PROCESS SERVICE.
SURVEILLANCE.

## LOUISIANA-AFFIDAVIT OF SERVICE/ NON SERVICE

I, Martin A. Battles, LPI., being duly sworn that I am a competent person over the age of 18 years, & not a party to this action. That I received the documents stated below in my possession on 6/18/19 instructing for the same to be delivered upon JOHN DESHOTEL

COURT: 253RD District Court of Chambers County, TX CASE 19DCV0459

PLANTIFF: REMINGTON QUIRANTE

VS

DEFENDANT: LOUISIANA MACHINERY COMPANY, INC

SERVICE WAS COMPLETED ✓ NOT COMPLETED PLEASE CHECK AND CIRCLE ONE

THAT I SERVED/ ATTEMPTED TO SERVE (Subject Being Served) John Deshotel

TYPE DOCUMENT BEING SERVED: PETITION/CITATION/SUMMONS/JUDGMENT/TRO/ _____

SERVICE ADDRESS/ATTEMPTED ADDRESS: 515 Broad St, Lake Charles, La 70601

DATE OF SERVICE 06/26/19 , TIME 5:30 PM

MANNER OF DELIVERY :(✓) BY Personally Delivering the Document(s) to the person above.

( ) BY SUBSTITUTE (DOMICILLIARY) SERVICE per order by delivering to a person which is the usual place of abode and of suitable age/ business of the above named person. PERSON SERVED _____

NON-SERVICE(_) I _____, ATTEMPTED SERVICE on_____, 20_____@ the residence/ job/ business of _____.
After, 1 ATTEMPT, 2 ATTEMPTS, 3 ATTEMPTS, was (unsuccessful). VACANT, NO ANSWER, NOT HOME, OTHER_____
I SOLEMLY AFFIRM, under the penalties of perjury that the contents of the foregoing paper and affidavit are true to the best of my knowledge, information and belief.
DATE 9/2/19 , SIGNATURE OF SERVER _____
ADDRESS OF SERVER P. O Box 12457, Lake Charles, La 70612
PHONE NUMBER OF SERVER 337-855-6470

On this day Martin A. Battles LPI appeared before me, a notary public, & being duly sworn by me stated that he/she has personal knowledge of the facts set forth in the foregoing affidavit & declared that the facts contained therein are true and correct. Given my hand and seal of the office this 6th day of August , 20 19

_____
NOTARY PUBLIC FOR THE STATE OF LOUISIANA
Todd L. Megn; Bar # 25174

LOUISIANAPRIVATEEYE.COM
*****CELEBRATING 29 YEARS OF INVESTIGATIVE EXCELLENCE*****
1990-2019

**THE STATE OF TEXAS**

TO:  **John Deshotel may be served with citation at his residence located at 2723 Hwy 388, Vinton, Louisiana 70668, Defendant**

**NOTICE TO DEFENDANT: "You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."**

Said answer may be filed by mailing same to:  District Clerk's Office, P. O. Drawer NN, Anahuac, Texas 77514, or by bringing it to the office.  Our street address is 404 Washington Ave. and we are located on the third floor of the Courthouse.  The case is presently pending before the **253rd District Court** of Chambers County sitting in Anahuac, Texas, and was filed on June 13, 2019.  It bears cause number **19DCV0459.**

**Remington Quirante vs. Louisiana Machinery Company, Inc. and John Deshotel**

The name and address of the Attorney for Plaintiff is: Cody Rees, 215 Orleans Street Suite 100 Beaumont, Tx 77701.

The nature of the demands of said Plaintiff is shown by a true and correct copy of Plaintiff's Original Petition accompanying this citation and made part hereof, filed on 06/13/2019.

Issued under my hand and the seal of said court, at Anahuac, Texas on this the 14th day of June, 2019.

PATTI L. HENRY, DISTRICT CLERK
CHAMBERS COUNTY, TEXAS

BY _Hannah Blevins_

Hannah Blevins, Deputy



**OFFICER'S RETURN**

Came to hand on the _18th_ day of _June_, 20_19_, at _11_ o'clock _A_.M.
Executed at _515 Broad St Lake Charles_ within the County of _Calcasieu_, at _5:30_ o'clock _P_.M.  On the _26th_ day of _June_, 20_19_, by delivering to the within named _John Desthotel._

_He was Personally Served @ LA Machinery @ 515 Broad St, Lake Charles, La 70601_

each, in person, a true copy of this citation together with the accompanying copy of the motion, having first attached such copy of citation and endorsed on such copy of citation the date of delivery.
Total fee for serving this citation $ _____

**To certify which witness by hand officially.**

_Marta A. Bottles LPI / Martin A. Bottles_

~~Constable of~~ _____ County, Texas

By _____ Deputy

_P. O Box 12457_
_Lake Charles, La 70602_

Filed
8/15/2019 1:22 PM
Patti L. Henry
District Clerk
Chambers County, Texas
By_____ Deputy

# The State of Texas
## Secretary of State

2019-307760-1

I,  the undersigned, as Deputy Secretary of State of the State of Texas, DO HEREBY
CERTIFY that according to the records of this office, a copy of the Citation & Original
Petition in the cause styled:

Remington Quirante VS Louisiana Machinery Company Inc et al
253rd Judicial District Court, Chambers County, Texas
Cause No: 19DCV0459

was received by this office on August 5, 2019, and that a copy was forwarded on August
7, 2019, by CERTIFIED MAIL, return receipt requested to:

Louisiana Machinery Company Inc
Registered Agent Miriam W Henry
1001 Fannin Street Suite 2450
Houston, TX 77002

The RETURN RECEIPT was received in this office dated August 9, 2019, bearing
signature.



Date issued: August 12, 2019

Jose A. Esparza
**Deputy Secretary of State**
GF/vm

Filed
11/7/2019 2:02 PM
Patti L. Henry
District Clerk
Chambers County, Texas
By: _Hannah Blevins_ Deputy

## CAUSE NO. 19DCV0459

| | | |
|---|---|---|
| **REMINGTON QUIRANTE** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| **V.** | § | **CHAMBERS COUNTY, TX** |
| | § | |
| **LOUISIANA MACHINERY COMPANY,** | § | |
| **INC. and JOHN DESHOTEL** | § | **253rd JUDICIAL DISTRICT** |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Remington Quirante, ("Plaintiff") who files his Original Petition complaining of Louisiana Machinery Company, LLC and John Deshotel (collectively, "Defendants"), and in support thereof would show as follows:

### I.     DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery under Level 3 of Texas Rules of Civil Procedure 190.3.

### II.     JURISDICTION

This Court has jurisdiction over the parties to this suit and has subject matter jurisdiction over the controversies between the parties. Plaintiff makes a claim for damages for a monetary amount in controversy within the jurisdiction of this Court. Plaintiff seeks monetary relief over $1,000,000.

### III.     PARTIES

Plaintiffs is an individual residing in Orange County, Texas.

Defendant, Louisiana Machinery Company, LLC, is a foreign limited liability company. Louisiana Machinery Company, LLC's attorney, Larry Simmons, GERMER PLLC, 2929 Allen

Parkway, Suite 2900, Houston, Texas 77019, has agreed to accept service on this Defendant's behalf.

Defendant, John Deshotel, is an individual residing in Calcasieu Parish, Louisiana and may be served with citation at his residence located at 2723 Hwy 388, Vinton, Louisiana 70668.

## IV.   VENUE

Venue is proper in Chambers County because Chambers County is the county in which all or a substantial part of the events or omissions giving rise to these claims occurred. *See* TEX. CIV. PRAC. & REM. CODE § 15.002.

## V.   FACTS

On or about March 22, 2019, Plaintiff was traveling westbound on Interstate 10 in the middle lane of travel. Defendant Deshotel, who was acting in the course and scope of his employment with Louisiana Machinery Company, LLC was traveling directly behind Plaintiff's vehicle. Plaintiff slowed down due to traffic slowing down ahead of him. Defendant failed to control his speed and struck the rear of Plaintiff's vehicle.   Unfortunately, the collision caused Plaintiff to suffer injuries to his back, neck, and body in general.

## VI.   NEGLIGENCE

Defendant Deshotel is liable for Plaintiff's injures and damages because of numerous negligent acts and omissions; including, but not limited to the following:

a.   Failure to control speeed;

b.   In failing to operate a motor vehicle at a speed that was reasonable and prudent under the conditions and with regard to the actual and potential hazards then existing;

c.   In failing to maintain a proper lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

d.   In failing to stay alert;

e.  In failing to properly and timely apply the brakes;

f.  In failing to turn, swerve, or otherwise maneuver the vehicle in order to avoid the collision made the basis of this suit; and

g.  Various other acts of negligence and negligence per se to be specified at the time of trial.

Each of these acts and omissions, singularly, or in combination with others, constitutes negligence, which proximately caused the occurrence made the basis of this action and the Plaintiffs' injuries and damages.

## VII.   **NEGLIGENT ENTRUSTMENT**

Defendant Louisiana Machinery Company, LLC entrusted its vehicle to Defendant Deshotel. Defendant Deshotel was an incompetent and reckless driver. Defendant Louisiana Machinery Company, LLC knew or should have known that Defendant Deshotel was incompetent and reckless at the time of the collision. Defendant Deshotel was negligent at the time of the Plaintiff's injury. These acts of negligence are laid out in the negligence paragraph above. Defendant Louisiana Machinery Company, LLC could reasonably have anticipated that entrusting a vehicle to an incompetent and reckless driver would result in an injury. Defendant Deshotel's negligence proximately caused injury to Plaintiff, which resulted in serious bodily injury.

## VIII.   **NEGLIGENT HIRING/NEGLIGENCE PER SE**

Defendant Louisiana Machinery Company, LLC negligently hired, supervised, trained, and/or retained Defendant Deshotel to deliver for Defendant Louisiana Machinery Company, LLC by employing an incompetent and reckless driver.

## IX.   **RESONDEAT SUPERIOR**

Defendant Louisiana Machinery Company, LLC is liable for the negligent acts of Defendant Deshotel through the doctrine of respondeat superior. At all times material, Defendant

Deshotel was an agent or employee acting within the course and scope of his employment Defendant Louisiana Machinery Company, LLC. Defendant Deshotel was under the direct control of Defendant Louisiana Machinery Company, LLC. Specifically, Defendant Deshotel was operating Defendant Louisiana Machinery Company, LLC vehicle with actual expressed authority intentionally conferred upon Defendant Deshotel by Defendant Louisiana Machinery Company, LLC. Defendant Deshotel was acting in furtherance of Defendant Louisiana Machinery Company, LLC's business and for the accomplishment of the object for which Defendant Deshotel was employed.

## VII.   DAMAGES

Because of the injuries sustained by Plaintiff as a result of the collision made the basis of this suit, Plaintiffs hereby sue for the following items of damage:

    a.   Physical pain and suffering in the past;

    b.   Physical pain and suffering the Plaintiffs will experience in the future;

    c.   Mental anguish suffered in the past;

    d.   Mental anguish the Plaintiffs will experience in the future;

    e.   Medical expenses incurred in the past;

    f.   Medical expenses the Plaintiffs will incur in the future;

    g.   Physical impairment suffered in the past; and

    h.   Physical impairment the Plaintiffs will suffer in the future.

Because of the facts hereinabove alleged, Plaintiff has been made to suffer and sustain at the hands of the Defendants damages within the jurisdictional requirements of this Court and in such amount as the evidence may show proper at the time of trial.

## VIII.   **PREJUDGMENT AND POSTJUDGMENT INTEREST**

Plaintiff seeks prejudgment and post judgment interest as allowed by law.

## IX.   **COURT COSTS**

Plaintiff sues to recover court costs as allowed by law.

Plaintiff sues Defendants for all of the causes of action pled in this petition jointly and severally, for all of the damages Defendants caused Plaintiff herein.

## X.   **REQUEST FOR DISCLOSURE**

Under the authority of Texas Rule of Civil Procedure 194, Plaintiff request that each of the Defendants disclose the information or material described in Rule 194.2 within fifty (50) days of the service of this request.

## XI.   **RULE 193.7 NOTICE**

Plaintiff intends to use Defendants' discovery responses as evidence at trial in accordance with such right and privileges established by Texas Rule of Civil Procedure 193.7.

## XII.   **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final hearing hereof, Plaintiff have judgment against Defendants for actual damages, economic damages, and prejudgment and post judgment interest. Plaintiff additionally request that the Court award reasonable and necessary costs pursuant to the Texas Civil Practice & Remedies Code, and for such other and further relief, at law or in equity, general or special, to which Plaintiff may be justly entitled.

Respectfully submitted,

**REES LAW FIRM**

/s/ Cody Rees
Cody Rees
State Bar No. 24083719
215 Orleans Street, Suite 100
Beaumont, Texas 77701
P: 409-291-5119
F: 409-600-2196
crees@reeslawfirm.com

**ATTORNEY FOR PLAINTIFFS**

Filed
11/7/2019 9:51 AM
Patti L. Henry
District Clerk
Chambers County, Texas
By_____ Deputy

## CAUSE NO. 19DCV0459

| | | |
|---|---|---|
| REMINGTON QUIRANTE | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | CHAMBERS COUNTY, TEXAS |
| | § | |
| LOUISIANA MACHINERY COMPANY, | § | |
| INC. and JOHN DESHOTEL | § | 253RD JUDICIAL DISTRICT |

### DEFENDANT JOHN DESHOTEL'S
### ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendant **JOHN DESHOTEL** ("Defendant" or "Deshotel") files this Original Answer to

Plaintiff's Original Petition, and would respectfully show unto the Court the following:

### I.   GENERAL DENIAL

Defendant denies each and every, all and singular, material allegations contained in

Plaintiff's Original Petition and demands strict proof thereof.

### II.   SPECIFIC DENIALS AND AFFIRMATIVE AND OTHER DEFENSES

Further answering herein, and without waiving the foregoing, Defendant pleads the

following specific denials and affirmative and other defenses, each in the alternative and without

waiver of the others:

1.     Defendant would show that Plaintiff failed to mitigate his damages.

2.     Defendant would show that Plaintiff's alleged injuries were the result of pre-

existing conditions that were not caused or aggravated by Defendant's conduct.

3.     Defendant would further show that Plaintiff's injuries and damages, if any, are the

result, in whole or in part, of conditions arising after the incident made the basis of this lawsuit.

4.     Defendant would show that Plaintiff's injuries and damages, if any, were caused

by persons or entities over which Defendant had no control.

5.      Defendant would show that Plaintiff's injuries and damages, if any, were caused by Plaintiff's own acts, omissions, and/or negligence. Any potential recovery is to be reduced by Plaintiff's own contributory negligence, and should Plaintiff be found fifty-one percent (51%) or more responsible for his alleged injuries, his recovery is barred. *See* TEX. CIV. PRAC. & REM. CODE § 33.001.

6.      Defendant would further show that Plaintiff's medical expenses are subject to the limitations set forth in Section 41.0105 of the Texas Civil Practice and Remedies Code and Plaintiff's lost wages claims are subject to the limitations set forth in Section 18.091 of the Texas Civil Practice and Remedies Code.

7.      Defendant would show that this accident was caused by a "sudden emergency" and/or an "unavoidable accident" as defined by Texas law.

### III.     RULE 193.7 NOTICE

Defendant invokes Texas Rule of Civil Procedure 193.7 and gives notice of his intention to use any and all documents produced in discovery responses as evidence in any pre-trial proceeding and trial.

### IV.     JURY DEMAND

Defendant respectfully requests a trial by jury.

### V.     PRAYER

Based on the foregoing, Defendant prays that Plaintiff recover nothing by way of trial, and for such other and further relief as the Court may deem proper.

Respectfully submitted,

**GERMER PLLC**
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile

_Larry J. Simmons_

**Larry J. Simmons**
State Bar No. 00789628
ljsimmons@germer.com
**Carmen Jo Rejda-Ponce**
State Bar No. 24079149
crejdaponce@germer.com

**COUNSEL FOR DEFENDANT,**
**JOHN DESHOTEL**

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of November 2019, a true and correct copy of the foregoing document was forwarded to all known counsel of record pursuant to the Texas Rules of Civil Procedure.

_Larry J. Simmons_

**Larry J. Simmons**

- 3 -

Filed
12/2/2019 5:22 PM
Patti L. Henry
District Clerk
Chambers County, Texas
By/ _Hannah Blevins_ Deputy

## CAUSE NO. 19DCV0459

| | | |
|---|---|---|
| REMINGTON QUIRANTE | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | CHAMBERS COUNTY, TEXAS |
| | § | |
| LOUISIANA MACHINERY COMPANY, | § | |
| INC. and JOHN DESHOTEL | § | 253RD JUDICIAL DISTRICT |

### DEFENDANT LOUISIANA MACHINERY COMPANY, LLC'S
### ORIGINAL ANSWER TO PLAINTIFF'S FIRST AMENDED PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendant **LOUISIANA MACHINERY COMPANY, LLC** ("Defendant") files this Original Answer to Plaintiff's First Amended Petition, and would respectfully show unto the Court the following:

### I. GENERAL DENIAL

Defendant denies each and every, all and singular, material allegations contained in Plaintiff's First Amended Petition and demands strict proof thereof.

### II. SPECIFIC DENIALS AND AFFIRMATIVE AND OTHER DEFENSES

Further answering herein, and without waiving the foregoing, Defendant pleads the following specific denials and affirmative and other defenses, each in the alternative and without waiver of the others:

1.    Defendant would show that Plaintiff failed to mitigate his damages.

2.    Defendant would show that Plaintiff's alleged injuries were the result of pre-existing conditions that were not caused or aggravated by Defendant's conduct.

3.    Defendant would further show that Plaintiff's injuries and damages, if any, are the result, in whole or in part, of conditions arising after the incident made the basis of this lawsuit.

4.      Defendant would show that Plaintiff's injuries and damages, if any, were caused by persons or entities over which Defendant had no control.

5.      Defendant would show that Plaintiff's injuries and damages, if any, were caused by Plaintiff's own acts, omissions, and/or negligence.  Any potential recovery is to be reduced by Plaintiff's own contributory negligence, and should Plaintiff be found fifty-one percent (51%) or more responsible for his alleged injuries, his recovery is barred.  *See* TEX. CIV. PRAC. & REM. CODE § 33.001.

6.      Defendant would further show that Plaintiff's medical expenses are subject to the limitations set forth in Section 41.0105 of the Texas Civil Practice and Remedies Code and Plaintiff's lost wages claims are subject to the limitations set forth in Section 18.091 of the Texas Civil Practice and Remedies Code.

7.      Defendant would show that this accident was caused by a "sudden emergency" and/or an "unavoidable accident" as defined by Texas law.

### III.    RULE 193.7 NOTICE

Defendant invokes Texas Rule of Civil Procedure 193.7 of the and give notice of its intention to use any and all documents produced in discovery responses as evidence in any pre-trial proceeding and trial.

### IV.    JURY DEMAND

Defendant respectfully requests a trial by jury.

### V.    PRAYER

Based on the foregoing, Defendant prays that Plaintiff recover nothing by way of trial, and for such other and further relief as the Court may deem proper.

- 2 -

Respectfully submitted,

**GERMER PLLC**
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile

*Larry J. Simmons*

**Larry J. Simmons**
State Bar No. 00789628
ljsimmons@germer.com
**Marcus W. Waters**
State Bar No. 24008243
mwaters@germer.com

**COUNSEL FOR DEFENDANT,**
**LOUISIANA MACHINERY COMPANY, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of December 2019, a true and correct copy of the foregoing document was forwarded to all known counsel of record pursuant to the Texas Rules of Civil Procedure.

*Larry J. Simmons*

**Larry J. Simmons**

## EXHIBIT C

## LIST OF ATTORNEYS/PARTIES

1.  Counsel for Plaintiff, Remington Quirante:

    Cody Rees
    crees@reeslawfirm.com
    REES LAW FIRM
    215 Orleans Street, Suite 100
    Beaumont, Texas  77701
    (409) 291-5119 – Telephone
    (409) 600-2196 – Facsimile


2.  Counsel for Defendants, Louisiana Machinery Company, LLC and John Deshotel:

    Larry J. Simmons
    ljsimmons@germer.com
    Marcus W. Waters
    mwaters@germer.com
    GERMER, PLLC
    2929 Allen Parkway, Suite 2900
    Houston, Texas 77019
    (713) 650.1313 – Telephone
    (713) 739-7420 – Facsimile

# EXHIBIT D

## CERTIFICATE OF EXISTENCE
## LOUISIANA MACHINERY COMPANY, LLC



# UNITED STATES OF AMERICA
# State of Louisiana

## R. Kyle Ardoin
### SECRETARY OF STATE

*As Secretary of State of the State of Louisiana I do hereby Certify that*

the Articles of Organization of

**LOUISIANA MACHINERY COMPANY, L.L.C.**

Domiciled at RESERVE, LOUISIANA,

Were filed in this Office and a Certificate of Organization was issued on December 17, 1999,

I further certify that no Certificate of Dissolution or Termination has been issued.

In testimony whereof, I have hereunto set my hand and caused the Seal of my Office to be affixed at the City of Baton Rouge on,

December 5, 2019



*Secretary of State*

Web 34869449K

**Certificate ID:**   11145716#HHH62

**To validate this certificate, visit the following web site, go to Business Services, Search for Louisiana Business Filings, Validate a Certificate, then follow the instructions displayed.**
**www.sos.la.gov**

# EXHIBIT E

# CIVIL COVER SHEET

JS 44   (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Remington Quirante

**(b)** County of Residence of First Listed Plaintiff   Orange
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Cody Rees, Rees Law Firm, 215 Orleans Street, Suite 100, Beaumont, Texas 77701, 409-291-5119

## DEFENDANTS

Louisiana Machinery Company, LLC
John Deshotel

County of Residence of First Listed Defendant   State of Louisiana
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Larry J. Simmons and Marcus W. Waters, Germer, PLLC, 2929 Allen Parkway, Suite 2900, Houston, Texas 77019

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☐ 2   U.S. Government Defendant
- ☐ 3   Federal Question *(U.S. Government Not a Party)*
- ☒ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1   Original Proceeding
- ☒ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from Another District *(specify)*
- ☐ 6   Multidistrict Litigation - Transfer
- ☐ 8   Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1332 (a)

Brief description of cause:
Personal injury from vehicular accident

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $   over $1,000,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   12/05/2019

SIGNATURE OF ATTORNEY OF RECORD   *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____